Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAHABIR MAHABIR
aka RANDOLPH MAHABIR,

           Plaintiff,

-against-

QUEENS DOLLAR INC., d/b/a 99 CENTS RUSH,
TANVIR DHANANI, RIYAZ DHANANI, AMIT SHAH,
and SAMIR Z. DHANANI,

           Defendants.

Case No.: 19 CV 9395

**COMPLAINT**
**FLSA ACTION**

ECF Case

---

Plaintiff, Mahabir Mahabir aka Randolph Mahabir, (herein, "Plaintiff" or "Randolph Mahabir"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, QUEENS DOLLAR INC., d/b/a 99 CENTS RUSH, TANVIR DHANANI, RIYAZ DHANANI, AMIT SHAH, and SAMIR Z. DHANANI, (collectively, "the Defendants"), and states as follows:

### INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), that he is entitled to recover from the Defendants: (1) unpaid

minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.  Plaintiff further alleges, pursuant to the New York Labor Law, that he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.  Plaintiff is an adult residents of Lancaster County, Pennsylvania.

6.  Upon information and belief, Defendant, Queens Dollar, Inc., d/b/a 99 Cents Rush, is a business entity organized and existing under the laws of the State of New York, with a principal place of business at 1466 Westchester Avenue, Bronx, New York 10472.

7.  Upon information and belief, Defendant, Tanvir Dhanani, is an owner, officer, director and/or managing agent of Queens Dollar, Inc., d/b/a 99 Cents Rush,

(hereinafter referred to as "99 Cents Rush"), whose address is unknown at this time, and who participated in the day-to-day operations of 99 Cents Rush and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with 99 Cents Rush.

8. Upon information and belief, Defendant, Riyaz Dhanani, is an owner, officer, director and/or managing agent of Queens Dollar, Inc., d/b/a 99 Cents Rush, (hereinafter referred to as "99 Cents Rush"), whose address is unknown at this time, and who participated in the day-to-day operations of 99 Cents Rush and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with 99 Cents Rush.

9. Upon information and belief, Defendant, Amit Shah, is an owner, officer, director and/or managing agent of Queens Dollar, Inc., d/b/a 99 Cents Rush, (hereinafter referred to as "99 Cents Rush"), whose address is unknown at this time, and who participated in the day-to-day operations of 99 Cents Rush and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with 99 Cents Rush.

10. Upon information and belief, Defendant, Samir Z. Dhanani, is an owner, officer, director and/or managing agent of Queens Dollar, Inc., d/b/a 99 Cents Rush, (hereinafter referred to as "99 Cents Rush"), whose address is unknown at this time, and who participated in the day-to-day operations of 99 Cents Rush and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with 99 Cents Rush.

11. Plaintiff, Mahabir Mahabir, also known as Randolph Mahabir, was employed by Defendants in Bronx County, New York, as a general helper and cleaner, at Defendants' retail store, during approximately twelve (12) years, from on or around 2006, through on or about April 7, 2019.

12. At all relevant times, 99 Cents Rush was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff was and is directly essential to the business operated by the Defendants.

14. At all relevant times, Defendants have knowingly and willfully failed to pay Plaintiff lawfully earned minimum wages and overtime compensation in contravention of the FLSA and New York Labor Law.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. In or about 2006, Plaintiff, Randolph Mahabir, was hired by Defendants to work as a general associate / helper / security person at Defendants' store known as "99 Cents Rush", located at 1466 Westchester Avenue, Bronx, New York 10472.

18. Plaintiff, Randolph Mahabir, worked continuously for the Defendants between 2006, through on or about April 7, 2019.

19. During the course of his employment by the Defendants, Plaintiff Randolph Mahabir worked well over forty (40) hours per week. Plaintiff generally worked six (6) or seven (7) days a week, and his work shift consisted of approximately twelve (12) or more hours each day.

20. In 2013, Plaintiff Randolph Mahabir was paid at a rate of $280.00 per week, in cash, and worked approximately between fifty (50) and ninety (90) hours per week. His pay was increased in 2017, to approximately $520.00 per week, for the same hours. In 2019, Plaintiff Randolph Mahabir was paid $6.50 per hour, for all hours worked. He worked well over forty (40) hours per week. He was always paid wages in cash. Work performed above forty (40) hours per week (overtime) was not paid at time and one-half the statutory minimum rate as required by state and federal law.

21. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

22. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

23. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff when his work hours exceeded ten (10) hours in one (1) workday.

24. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain time records. Plaintiff kept his own book contemporaneously documenting his hours and pay, during a period of time.

25. The individual Defendants, Tanvir Dhanani, Riyaz Dhanani, Amit Shah, and Samir Z. Dhanani, are individuals who, upon information and belief, own the stock of the corporate defendants, Queens Dollar Inc., own Queens Dollar Inc., and manage and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

26. The individual defendant Tanvir Dhanani, exercised control over the terms and conditions of Plaintiff's employment in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

27. The individual defendant Riyaz Dhanani, exercised control over the terms and conditions of Plaintiff's employment in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

28. The individual defendant Amit Shah, exercised control over the terms and conditions of Plaintiff's employment in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

29. The individual defendant Samir Z. Dhanani, exercised control over the terms and conditions of Plaintiff's employment in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

30. Defendant Tanvir Dhanani, exercised sufficient control over 99 Cents Rush' day-to-day operations as to be considered an employer of Plaintiff under the FLSA and New York Labor Law.

31. Defendant Riyaz Dhanani, exercised sufficient control over 99 Cents Rush' day-to-day operations as to be considered an employer of Plaintiff under the FLSA and New York Labor Law.

32. Defendant Amit Shah exercised sufficient control over 99 Cents Rush' day-to-day operations as to be considered an employer of Plaintiff under the FLSA and New York Labor Law.

33. Defendant Samir Z. Dhanani exercised sufficient control over 99 Cents Rush' day-to-day operations as to be considered an employer of Plaintiff under the FLSA and New York Labor Law.

34. Plaintiff was paid "off the books", in cash and worked directly for the corporate and individual Defendants.

35. On or about March 2, 2017, individuals named Juan Chino Barrera and Oscar Vences Estrada commenced a claim, bearing Case No. 17 Civ. 1565 (JGK), against the same Defendants herein named, in the United States District Court for the Southern District of New York. ("The Barrera Action")

36. The Barrera Action is factually similar to the instant action. After that action resolved via settlement before trial, Defendants implemented no substantive changes to their payroll practices and continued to seriously and systematically violate the rights of their employees, including Plaintiff.

37. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendants, Queens Dollar Inc. (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

**STATEMENT OF CLAIM**

## COUNT I
## [Violation of the Fair Labor Standards Act]

38. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

41. During the most recent three (3) years, Defendants have had gross revenues in excess of $500,000.

42. Plaintiff worked was paid less than the statutory minimum wage.

43. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for all of the hours he worked.

44. Plaintiff was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of forty (40) per week.

45. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours as provided for in the FLSA.

46. At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which

violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

48.   The Defendants failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

49.   Records, if any, hours worked by Plaintiff and the actual compensation paid to Plaintiff may be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50.   Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

52.   Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum

wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

53. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

54. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

56. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay minimum wages in the lawful amount for hours worked.

57. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at the rate of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

58. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

59. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

60. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61. The New York State Wage Theft Prevention Act, New York Labor Law § 195(1), requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

62. The New York State Wage Theft Prevention Act, New York Labor Law § 195(3), requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

63. At times relevant to this action Plaintiff was paid cash, and not provided with a wage statement as required by law, New York Labor Law § 195(3).

64. As a result of Defendant's violations of New York Labor Law § 195(1), for the period April 9, 2011 through present, Plaintiff may recover statutory penalties, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-b).

65. As a result of Defendant's violations of New York Labor Law § 195(3), for the period April 9, 2011 and thereafter, Plaintiff may recover statutory penalties for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

66. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiff's rights under the FLSA and New York Labor Law;

(b) An award of unpaid wages, minimum wages and overtime compensation, due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d) An award of statutory damages for failure to provide wage notices and wage statements, as well as civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation, and "spread of hours" premiums, pursuant to the New York Labor Law;

(g) An award of prejudgment and post-judgment interest;

 (h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

 (i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
   October 10, 2019

               Respectfully submitted,

               CILENTI & COOPER, PLLC
               **Counsel for Plaintiff**
               10 Grand Central
               155 East 44th Street – 6th Floor
               New York, NY 10017
               Telephone  (212) 209-3933
               Facsimile  (212) 209-7102
               pcooper@jcpclaw.com

         By: _____
              Peter H. Cooper  (PHC 4714)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, __Mahabir Mahabir__, am an employee currently or formerly employed by __99 Cents Rush__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__July 29__, 2019

*/s/ Mahabir Mahabir*

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:   TANVIR DHANANI
      RIYAZ DHANANI
      AMIT SHAH
      SAMIR Z. DHANANI

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Mahabir Mahabir aka Randolph Mahabir intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Queens Dollar, Inc. dba 99 Cents Rush, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       October 10, 2019

Respectfully submitted,

By: _____
    Peter H. Cooper  (PHC 4714)
    CILENTI & COOPER, PLLC
    **Attorneys for Plaintiff**
    10 Grand Central
    155 East 44th Street – 6th Floor
    New York, NY 10017
    Telephone  (212) 209-3933
    Facsimile (212) 209-7102
    E-mail: pcooper@jcpclaw.com

15